```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

VICTOR B. STRONG             :      CIVIL ACTION
                             :
        v.                   :
                             :
RAYMOND M. LAWLER, et al.    :      NO. 08-cv-03038-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                  March 19, 2009

The Magistrate Judge to whom this *habeas corpus* case was referred has recommended that the petition be dismissed without a hearing. Petitioner's basic claim is that his lawyer was inadequate at trial by failing to call certain specified alibi witnesses, and, in general, by failing to conduct a proper investigation of the case. Petitioner sought to raise this issue on direct appeal from his conviction and sentence, but the Pennsylvania Superior Court, understandably, ruled that challenges to the adequacy of trial counsel must be presented in post-conviction proceedings, rather than on direct appeal. When petitioner sought relief under the PCRA, his petition was denied without a hearing, for the stated reason that, although petitioner had presented affidavits from two of these alibi witnesses, to the effect that petitioner was elsewhere at the time of the crime and could not have committed it, and, moreover, that each of these witnesses would have been willing to testify to that effect if called upon, petitioner's *pro se* application

did not specifically state that these witnesses would have been available to testify at the time of the trial.

Thus, to the present date, the possible merits of petitioner's claim that his counsel was inadequate have not been explored at an evidentiary hearing.  Indeed, neither the Magistrate Judge nor this Court has studied the trial record.

It may well be, of course, that trial counsel had perfectly valid reasons for not calling the witnesses in question.  It is also possible, as stated by the state courts, that such testimony would have been merely cumulative (I note, however, that according to what part of the record is before this Court, the only alibi witness who testified at trial was the defendant's sister; perhaps corroboration by independent witnesses might have been extremely beneficial).

It is argued that the failure of the state courts to conduct an evidentiary hearing on petitioner's allegations is merely an issue of state law, which cannot be addressed by this Court in a *habeas corpus* proceeding.  But the alleged constitutional inadequacy of defendant's trial counsel is an issue of constitutional import which must be addressed by the federal courts in this proceeding.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR B. STRONG | : | CIVIL ACTION |
| v. | : | |
| RAYMOND M. LAWLER, et al. | : | NO. 08-cv-03038-JF |

ORDER

AND NOW, this 19th day of March 2009, upon consideration of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and petitioner's response, IT IS ORDERED:

This case is REMANDED to the United States Magistrate Judge for further proceedings.  The Magistrate Judge shall (1) cause the respondents to provide a record of the state court trial, and (2) hold an evidentiary hearing on petitioner's allegations of inadequacy of trial counsel and related issues. Upon completion of these procedures, the Magistrate Judge should make a further report and recommendation.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.